LOCKWOOD (DE MILL v.). See Case No. 3,782.

---

## Case No. 8,450.

### LOCKWOOD et al. v. The GRACE GIRDLER.

[N. Y. Times, March 30, 1864.]

District Court, S. D. New York. 1864.[1]

COLLISION—BETWEEN SAIL VESSELS IN EAST RIVER—INEVITABLE ACCIDENT.

The libelants [John W. Lockwood and others] were owners of the yacht Ariel, which was run into by the Grace Girdler on August 5, 1863, in the East river, off the foot of Stanton street. The vessels were both beating down the river with the wind to the eastward of south. They had just run out their long tacks, running from the Long Island shore to near the foot of Stanton street, where both went about. The Ariel went about first, and was a little to the leeward of the Girdler. Both vessels were then on their short tacks, the Ariel being a little in advance. As she began to make headway, she discovered a ferry-boat coming up the river, to avoid which she luffed and was brought into the track of the Grace Girdler, and the collision took place.

Mr. Black, for libelants.
Beebe, Dean & Donohu, for respondents.

Before SHIPMAN, District Judge.

HELD BY THE COURT: That the witnesses do not materially differ, except as to the distance from the docks at which it took place, and the speed of the Girdler. That the Girdler having just gone about, and having but little headway on, it was not in her power to have luffed so as have avoided the Ariel. No collision could have taken place but from

the untoward circumstance that the ferry-boat was passing across the track of the vessels just as they had gone about. The luffing of the Ariel was necessary to avoid the ferry-boat, but it unfortunately brought her across the track of the Grace Girdler at a moment when she had no power to avoid a collision. That the collision must be considered an inevitable accident.

Libel dismissed, with costs.

[NOTE. The libelants appealed to the circuit court, which affirmed this decision. Case not reported. From the decision of the circuit court they appealed to the supreme court, where the decision was again affirmed. Mr. Justice Swayne delivered the opinion of the court. He considered that from all the testimony in the case it is a fair presumption that the accident was inevitable. He said: "Inevitable accident is where a vessel is pursuing a lawful avocation in a lawful manner, using the proper precautions against danger, and an accident occurs. The highest degree of caution that can be used is not required. It is enough that it is reasonable under the circumstances,—such as is usual in similar cases, and has been found by long experience to be sufficient to answer the end in view, the safety of life and property." But if the accident was not inevitable, the learned justice considered the Ariel to be in fault, or at least there is doubt. He says: "Where there is a reasonable doubt as to which party is to blame, the loss must be sustained by the party on whom it has fallen." 7 Wall. (74 U. S.) 196.]